Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CARLOS PEREIRA, VICTOR MANUEL, JAIME ROMERO
and WILLIAM HOLMES, individually and on behalf of all others
similarly situated,

                             Plaintiffs,

      -against-

MARINO MARBLE & TILE CORP. and DOMENICO
MARINO and ANTHONY RIZZUTO, as an individual,

                             Defendants.
---------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff, **CARLOS PEREIRA, VICTOR MANUEL, JAIME ROMERO and WILLIAM HOLMES**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs **CARLOS PEREIRA, VICTOR MANUEL, JAIME ROMERO and WILLIAM HOLMES** through undersigned counsel, bring this action against **MARINO MARBLE & TILE CORP. and DOMENICO MARINO** and **ANTHONY RIZZUTO, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants at located at 214-70 Jamaica Avenue, Queens Village, New York 11428.

1

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CARLOS PEREIRA residing in Roosevelt, NY 11575 was employed by Defendant MARINO MARBLE & TILE CORP. from in or around March 2013 until in or around June 2019.

9. Plaintiff VICTOR MANUEL residing in Hollis, NY 11423 was employed by Defendant MARINO MARBLE & TILE CORP. from in or around September 2002 until in or around December 2021.

10. Plaintiff JAIME ROMERO residing in Roosevelt, NY 11575 was employed by Defendant MARINO MARBLE & TILE CORP. from in or around February 2010 until in or around December 2021.

11. Plaintiff WILLIAM HOLMES residing in Queens Village, NY 11428 was employed by Defendant MARINO MARBLE & TILE CORP. from in or around March 1987 until in or around December 2021.

12. Defendant, MARINO MARBLE & TILE CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 1014 Grand St., Brooklyn, NY 11211.

13. Defendant MARINO MARBLE & TILE CORP. is a corporation duly authorized to do business under the laws of the State of New York.
14. Upon information and belief, Defendant DOMENICO MARINO is the owner of Defendant MARINO MARBLE & TILE CORP.
15. Defendant DOMENICO MARINO is an agent of Defendant MARINO MARBLE & TILE CORP.
16. Upon information and belief, Defendant DOMENICO MARINO is responsible for overseeing all daily operations at MARINO MARBLE & TILE CORP.
17. Upon information and belief, DOMENICO MARINO has power and authority over all the final personnel decisions at MARINO MARBLE & TILE CORP.
18. Upon information and belief, DOMENICO MARINO has the power and authority over all final payroll decisions at MARINO MARBLE & TILE CORP.
19. Upon information and belief, DOMENICO MARINO has the exclusive final power to hire the employees at MARINO MARBLE & TILE CORP.
20. Upon information and belief, DOMENICO MARINO has exclusive final power over the firing and terminating of the employees at MARINO MARBLE & TILE CORP.
21. Upon information and belief, DOMENICO MARINO is responsible for determining, establishing, and paying the wages of all employees, setting their work schedules, and maintaining all their employment records at MARINO MARBLE & TILE CORP.
22. Accordingly, at all relevant times hereto, Defendant DOMENICO MARINO was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
23. Defendant ANTHONY RIZZUTO is an agent and manager of Defendant MARINO MARBLE & TILE CORP.
24. Upon information and belief, Defendant ANTHONY RIZZUTO is responsible for overseeing all daily operations at MARINO MARBLE & TILE CORP.
25. Upon information and belief, ANTHONY RIZZUTO has power and authority over all the final personnel decisions at MARINO MARBLE & TILE CORP.
26. Upon information and belief, ANTHONY RIZZUTO has the power and authority over all final payroll decisions at MARINO MARBLE & TILE CORP.
27. Upon information and belief, ANTHONY RIZZUTO has the power to hire the employees at MARINO MARBLE & TILE CORP.

28. Upon information and belief, ANTHONY RIZZUTO has power over the firing and terminating of the employees at MARINO MARBLE & TILE CORP.

29. Upon information and belief, ANTHONY RIZZUTO is responsible for determining, establishing, and paying the wages of all employees, setting their work schedules, and maintaining all their employment records at MARINO MARBLE & TILE CORP.

30. Accordingly, at all relevant times hereto, Defendant ANTHONY RIZZUTO was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

31. On information and belief, MARINO MARBLE & TILE CORP., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

32. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on February 2022. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning February 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## CARLOS PEREIRA

33. Plaintiff CARLOS PEREIRA was employed by Defendants at MARINO MARBLE & TILE CORP. from in or around March 2013 until in or around June 2019.

34. During Plaintiff CARLOS PEREIRA'S employment by Defendants at MARINO MARBLE & TILE CORP., Plaintiff's primary duties were as a fabricator and performing other miscellaneous duties.

35. Plaintiff CARLOS PEREIRA regularly worked a schedule of shifts beginning at or around 7:30 a.m. each workday, and regularly ending at or around 5:30 p.m., or later., six (6) days per week.

4

36. Thus, Plaintiff was regularly required to work approximately sixty (60) hours, or more hours, each week during his employment at MARINO MARBLE & TILE CORP.

37. During the relevant statutory period, Plaintiff CARLOS PEREIRA was paid by Defendants a flat daily wage of approximately:

    i. $60.00 per day for all hours worked from in or around February 2016 until in or around December 2018;

    ii. $90.00 per day for all hours worked from in or around January 2019 until in or around June 2019.

38. Defendants failed to pay Plaintiff CARLOS PEREIRA the legally prescribed minimum wage for his hours worked from in or around February 2016 until in or around June 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

39. Although Plaintiff CARLOS PEREIRA regularly worked approximately sixty (60) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### VICTOR MANUEL

40. Plaintiff VICTOR MANUEL was employed by Defendants at MARINO MARBLE & TILE CORP. from in or around September 2002 until in or around December 2021.

41. During Plaintiff VICTOR MANUEL'S employment by Defendants at MARINO MARBLE & TILE CORP., Plaintiff's primary duties were receiving orders and providing customer service.

42. Plaintiff VICTOR MANUEL regularly worked a schedule of shifts beginning at or around 7:30 a.m. each workday, and regularly ending at approximately 5:30 p.m., or later., six (6) days per week.

43. Thus, Plaintiff was regularly required to work sixty (60) hours, or more hours, each week during his employment by the Defendants.

44. During the relevant statutory period, Plaintiff VICTOR MANUEL was paid by Defendants a flat daily wage of approximately $100.00 per day for all hours worked from in or around February 2016 until in or around December 2021.

5

45. Defendants failed to pay Plaintiff VICTOR MANUEL the legally prescribed minimum wage for his hours worked from in or around January 2018 until December 23, 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
46. Although Plaintiff VICTOR MANUEL regularly worked approximately sixty (60) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JAIME ROMERO

47. Plaintiff JAIME ROMERO was employed by Defendants at MARINO MARBLE & TILE CORP. from in or around February 2010 until in or around December 2021.
48. During Plaintiff JAIME ROMERO'S employment by Defendants at MARINO MARBLE & TILE CORP., Plaintiff's primary duties were as a cutter, installer and performing other miscellaneous duties.
49. Plaintiff JAIME ROMERO regularly worked a schedule of shifts beginning at 7:30 a.m. each workday, and regularly ended approximately 5:30 p.m., or later., six (6) days per week.
50. Thus, Plaintiff was regularly required to work approximately sixty (60) hours, or more hours, each week during his employment at MARINO MARBLE & TILE CORP.
51. During the relevant statutory period, Plaintiff JAIME ROMERO was paid by Defendants a flat daily wage of approximately:
    iii. $110.00 per day for all hours worked from in or around February 2016 until in or around December 2020;
    iv. $160.00 per day for all hours worked from in or around January 2021 until in or around December 2021.
52. Defendants failed to pay Plaintiff JAIME ROMERO the legally prescribed minimum wage for his hours worked from in or around January 2019 until in or around December 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
53. Although Plaintiff JAIME ROMERO regularly worked approximately sixty (60) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half

(1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## WILLIAM HOLMES

54. Plaintiff WILLIAM HOLMES was employed by Defendants at MARINO MARBLE & TILE CORP. from in or around March 1987 until in or around December 2021.

55. During Plaintiff WILLIAM HOLMES' employment by Defendants at MARINO MARBLE & TILE CORP., Plaintiff's primary duties were as a order receiver and dispatcher and performing other miscellaneous duties.

56. Plaintiff WILLIAM HOLMES regularly worked a schedule of shifts beginning at 7:30 a.m. each workday, and regularly ended approximately 5:30 p.m., or later., six (6) days per week.

57. Thus, Plaintiff was regularly required to work approximately sixty (60) hours, or more hours, each week during his employment at MARINO MARBLE & TILE CORP.

58. During the relevant statutory period, Plaintiff WILLIAM HOLMES was paid by Defendants a flat weekly salary of approximately $635.00 per week regardless of the number of hours worked per week.

59. Defendants failed to pay Plaintiff WILLIAM HOLMES the legally prescribed minimum wage for his hours worked from in or around February 2016 until in or around December 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

60. Although Plaintiff WILLIAM HOLMES regularly worked approximately sixty (60) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

## DEFENDANTS' OTHER VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

61. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

62. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
63. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
65. Collective Class: All persons who are or have been employed by the Defendants as fabricators, cutters, installers, order receivers, dispatchers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
66. Upon information and belief, Defendants employed 40 to 50 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
67. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
68. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
69. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.
70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.
71. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have

8

been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

73. The claims of Plaintiffs are typical of the claims of the whole putative class.

74. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

76. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

77. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

78. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

79. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

81. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

83. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

84. At all times relevant to this action, Plaintiffs was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

86. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

89. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

90. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

91. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

92. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

93. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

94. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

97. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

98. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

99. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

100. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

101. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.
102. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).
103. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

104. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.
105. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).
106. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid minimum wages;

    d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    e. Awarding Plaintiffs prejudgment and post-judgment interest;

    f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs' hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: February 4, 2022
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLOS PEREIRA, VICTOR MANUEL, JAIME ROMERO and WILLIAM HOLMES, individually and on behalf of all others similarly situated,

                          Plaintiffs,

      -against-

MARINO MARBLE & TILE CORP. and DOMENICO MARINO and ANTHONY RIZZUTO, as individuals,

                          Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

*Jury Trial Demanded*

---

### HELEN F. DALTON & ASSOCIATES, P.C.

*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

<u>To</u>: service via mailing;

**MARINO MARBLE & TILE CORP.**
1014 Grand St., Brooklyn, NY 11211

**DOMENICO MARINO**
1014 Grand St., Brooklyn, NY 11211

**ANTHONY RIZZUTO**
1014 Grand St., Brooklyn, NY 11211