# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

August 15, 2022

**Via ECF**
The Honorable Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Pereira, et al. v. Marino Marble & Tile Corp., et al.**
**22-CV-650 (RML)**

Dear Judge Levy:

Our office represents Carlos Pereira, Victor Manuel, Jaime Romero, and William Holmes (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Marino Marble & Tile Corp., Domenico Marino, and Anthony Rizzuto (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a full-day Court-annexed mediation on May 9, 2022 and continued negotiations between the parties through the mediator in the months thereafter.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

## I.  The Monetary Terms of the Settlement Agreement are Fair and Reasonable

### a.  The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, which are addressed below, for the global amount of $175,000.00.

### b.  Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that,

as former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week and that the rates of pay received fell below the applicable New York State minimum wage rate during periods within the relevant statutory period. As the Complaint was filed in February 2022, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the period spanning February 2016 through December 2021, when the last of Plaintiffs' employment ended.

Plaintiffs were employed as fabricators, order receivers, and dispatchers for Defendants' business located at 214-70 Jamaica Avenue, Queens Village, New York 11428. Within the relevant statutory period commencing in February 2016, three of the Plaintiffs – Pereira, Manuel and Romero – alleged that they were paid flat daily rates ranging from $60.00 to $160.00 per day. Plaintiff Holmes alleged that he received a flat weekly salary of $635.00 per week. Plaintiffs further alleged that they were regularly required to work up to 60 hours per week. As such, all Plaintiffs alleged that they were not compensated for approximately 20 hours of overtime per week and Plaintiffs Pereira, Manuel, and Romero alleged that their calculated hourly rates, based on the daily rates received, fell below the applicable minimum wage rate.

Based on the above allegations, Plaintiffs initially claimed unpaid wages in the range of $320,000.00. Additionally, Plaintiffs alleged entitlement to statutory penalties for Defendants' alleged failure to provide NYLL-compliant wage notices and wage statements pursuant to NYLL § 195.

However, during the course of negotiations, Defendants produced time and pay records, which created factual disagreements as to the number of days and hours worked per week by Plaintiffs, how much Plaintiffs were paid per week and whether Plaintiffs were paid daily/weekly rates of pay or hourly rates of pay. Although Plaintiffs raised disputes as to the accuracy of these records and disagreed on the methodology used to calculate any unpaid wages, Plaintiffs believed early resolution of this matter was in their best interests.

Although Plaintiffs were confident that they could prevail on all claims at the time of trial, Plaintiffs' preference was for a guaranteed outcome via Court-approved settlement. Plaintiffs considered the defenses and records maintained by Defendants, Defendants' financial abilities and the risks and expenses of protracted discovery and litigation. Plaintiffs also valued the timing of a substantial payment in the near future as opposed to the uncertainty of recovery in the distant future had this matter not settled. All factors weighed in favor of Plaintiffs accepting the agreed-upon settlement amount.

c.  **Defendants' Position**

Defendants have conceded from the outset that they are liable to Plaintiffs for the statutory penalties for violations of the wage notice and paystub requirements of the NYLL. However, Defendants denied that they were liable for wage damages, contending that the amounts paid to Plaintiffs were sufficient to lawfully compensate them for all hours. After performing damage calculations and engaging in negotiations with Plaintiffs' counsel however, Defendants believe that they have valid defenses to the remaining causes of actions. Defendants also contend that they are not liable to Plaintiffs for liquidated damages as they believe they acted in good faith and

believed that such underpayments were not a violation of state or federal labor laws. Notwithstanding the above, after having considered the risks and costs of litigation, Defendants have made, with the advice of their legal counsel, the informed decision that it is in their best interests to forego the risks and costs of further litigation and trial and instead settle this matter. Defendants believe that the settlement amount of $175,000.00 is a fair and reasonable compromise to the Parties' respective assessments of damages in this matter. Defendants further believe that the material terms and conditions of the settlement agreement are reasonable and equitable, and that they will not be unduly or unreasonably burdened and that their rights and interests are adequately protected by the terms thereof.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $175,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after a full-day mediation session before a qualified and experienced Court-appointed mediator with all parties present and continued negotiations between experienced counsel in the months thereafter. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the hours worked by Plaintiffs, and the pay received by Plaintiffs, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

### II.    The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement is appropriately tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.   Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $175,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $115,264.00. Each Plaintiff will receive an amount based on his calculation of damages, which accounts for the alleged dates of his employment, the alleged hours that he worked, and the alleged amounts of pay that he received and our analysis of their claims based on Defendants' records. These individual amounts are as follows:

   i.   Plaintiff Carlos Pereira: $23,000.00

   ii.  Plaintiff Victor Manuel: $30,000.00

   iii. Plaintiff Jaime Romero: $24,264.00

   iv.  Plaintiff William Holmes: $38,000.00

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $2,104.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00

- the costs of service of the Summons and Complaint on all Defendants: $340.00

- the cost of the Court-annexed mediation: $1,362.50

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($172,896.00), or $57,632.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer

agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $59,736.00.

**Settlement Amount:** $175,000.00
**Attorneys' Expenses:** $2,104.00
**Net Settlement Amount:** $172,896.00 ($175,000.00 - $2,104.00)
**Requested Attorneys' Fees:** $57,632.00 ($172,896.00 / 3)
**Total payable to Attorneys:** $59,736.00 ($57,632.00 + $2,104.00)
**Total payable to Plaintiffs:** $115,264.00 ($175,000.00 - $59,736.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

**IV.    Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.