

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

August 15, 2022

**Via ECF**
The Honorable Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Pereira, et al. v. Marino Marble & Tile Corp., et al.**
**22-CV-650 (RML)**

Dear Judge Levy:

Our office represents Carlos Pereira, Victor Manuel, Jaime Romero, and William Holmes (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for Marino Marble & Tile Corp., Domenico Marino, and Anthony Rizzuto (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a full-day Court-annexed mediation on May 9, 2022 and continued negotiations between the parties through the mediator in the months thereafter.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

### I. The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a. The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, which are addressed below, for the global amount of $175,000.00.

#### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that,

as former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week and that the rates of pay received fell below the applicable New York State minimum wage rate during periods within the relevant statutory period. As the Complaint was filed in February 2022, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the period spanning February 2016 through December 2021, when the last of Plaintiffs' employment ended.

Plaintiffs were employed as fabricators, order receivers, and dispatchers for Defendants' business located at 214-70 Jamaica Avenue, Queens Village, New York 11428. Within the relevant statutory period commencing in February 2016, three of the Plaintiffs – Pereira, Manuel and Romero – alleged that they were paid flat daily rates ranging from $60.00 to $160.00 per day. Plaintiff Holmes alleged that he received a flat weekly salary of $635.00 per week. Plaintiffs further alleged that they were regularly required to work up to 60 hours per week. As such, all Plaintiffs alleged that they were not compensated for approximately 20 hours of overtime per week and Plaintiffs Pereira, Manuel, and Romero alleged that their calculated hourly rates, based on the daily rates received, fell below the applicable minimum wage rate.

Based on the above allegations, Plaintiffs initially claimed unpaid wages in the range of $320,000.00. Additionally, Plaintiffs alleged entitlement to statutory penalties for Defendants' alleged failure to provide NYLL-compliant wage notices and wage statements pursuant to NYLL § 195.

However, during the course of negotiations, Defendants produced time and pay records, which created factual disagreements as to the number of days and hours worked per week by Plaintiffs, how much Plaintiffs were paid per week and whether Plaintiffs were paid daily/weekly rates of pay or hourly rates of pay. Although Plaintiffs raised disputes as to the accuracy of these records and disagreed on the methodology used to calculate any unpaid wages, Plaintiffs believed early resolution of this matter was in their best interests.

Although Plaintiffs were confident that they could prevail on all claims at the time of trial, Plaintiffs' preference was for a guaranteed outcome via Court-approved settlement. Plaintiffs considered the defenses and records maintained by Defendants, Defendants' financial abilities and the risks and expenses of protracted discovery and litigation. Plaintiffs also valued the timing of a substantial payment in the near future as opposed to the uncertainty of recovery in the distant future had this matter not settled. All factors weighed in favor of Plaintiffs accepting the agreed-upon settlement amount.

### c. Defendants' Position

Defendants have conceded from the outset that they are liable to Plaintiffs for the statutory penalties for violations of the wage notice and paystub requirements of the NYLL. However, Defendants denied that they were liable for wage damages, contending that the amounts paid to Plaintiffs were sufficient to lawfully compensate them for all hours. After performing damage calculations and engaging in negotiations with Plaintiffs' counsel however, Defendants believe that they have valid defenses to the remaining causes of actions. Defendants also contend that they are not liable to Plaintiffs for liquidated damages as they believe they acted in good faith and

believed that such underpayments were not a violation of state or federal labor laws. Notwithstanding the above, after having considered the risks and costs of litigation, Defendants have made, with the advice of their legal counsel, the informed decision that it is in their best interests to forego the risks and costs of further litigation and trial and instead settle this matter. Defendants believe that the settlement amount of $175,000.00 is a fair and reasonable compromise to the Parties' respective assessments of damages in this matter. Defendants further believe that the material terms and conditions of the settlement agreement are reasonable and equitable, and that they will not be unduly or unreasonably burdened and that their rights and interests are adequately protected by the terms thereof.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $175,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after a full-day mediation session before a qualified and experienced Court-appointed mediator with all parties present and continued negotiations between experienced counsel in the months thereafter. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the hours worked by Plaintiffs, and the pay received by Plaintiffs, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

### II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement is appropriately tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $175,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $115,264.00. Each Plaintiff will receive an amount based on his calculation of damages, which accounts for the alleged dates of his employment, the alleged hours that he worked, and the alleged amounts of pay that he received and our analysis of their claims based on Defendants' records. These individual amounts are as follows:

    i.      Plaintiff Carlos Pereira: $23,000.00

    ii.     Plaintiff Victor Manuel: $30,000.00

    iii.    Plaintiff Jaime Romero: $24,264.00

    iv.    Plaintiff William Holmes: $38,000.00

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $2,104.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00

- the costs of service of the Summons and Complaint on all Defendants: $340.00

- the cost of the Court-annexed mediation: $1,362.50

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($172,896.00), or $57,632.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer

agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $59,736.00.

**Settlement Amount:** $175,000.00
**Attorneys' Expenses:** $2,104.00
**Net Settlement Amount:** $172,896.00 ($175,000.00 - $2,104.00)
**Requested Attorneys' Fees:** $57,632.00 ($172,896.00 / 3)
**Total payable to Attorneys:** $59,736.00 ($57,632.00 + $2,104.00)
**Total payable to Plaintiffs:** $115,264.00 ($175,000.00 - $59,736.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

**IV.    Closing**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is effective as of 9th date of August, 2022 by and between Carlos Pereira ("Pereira"), Victor Manuel ("Manuel"), Jaime Romero ("Romero"), and William Holmes (collectively, "Plaintiffs") and Marino Marble & Tile Corp., ("Company"), Domenico Marino ("Marino"), and Anthony Rizzuto ("Rizzuto," collectively or "Defendants"). Defendants and Plaintiffs may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

# RECITALS

**WHEREAS** Plaintiffs were previously employed by Defendants,

**WHEREAS** a dispute arose between Plaintiffs and Defendants regarding compensation,

**WHEREAS** Plaintiffs claims they are owed monies relating to minimum wage, overtime, and related damages,

**WHEREAS** on or about February 4, 2022, Plaintiffs commenced a lawsuit against Defendants before the United States District Court for the Eastern District of New York titled *Pereira, et al. v. Marino Marble & Tile Corp., et al.* Case No. 22-cv-650 (the "Action"); and,

**WHEREAS** Plaintiffs and the Defendants wish to compromise and settle all of their respective claims against the other relating to the Action,

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs and Defendants hereby agree as follows:

1. Consideration and Settlement Compensation.

   a. The Parties are entering into this Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiffs agree not to seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in this Agreement. Defendants agree to pay Plaintiffs the total sum of one hundred and seventy-five thousand dollars and zero cents ($175,000.00) ("Settlement Amount") subject to the terms of Paragraph 2 below. Payment of the Settlement Amount is made in complete and total satisfaction of all claims, whether alleged or could have been alleged in the Action.

   b. The monies constituting the Settlement Amount shall be distributed as follows:

      i. The gross amount of $6,500.00, less normal and appropriate withholdings and subject to the issuance of a Form W-2, payable to Carlos Pereira for back wages allegedly owed; and

ii.     The gross amount of $16,500.00, payable to Carlos Pereira, for liquidated damages, statutory penalties and/or interest allegedly owed on allegedly unpaid back wages and alleged statutory penalties, subject to the issuance of a 1099 form for non-wage income; and

iii.    The gross amount of $10,000.00, less normal and appropriate withholdings and subject to the issuance of a Form W-2, payable to Victor Manuel for back wages allegedly owed; and

iv.     The gross amount of $20,000.00, payable to Victor Manuel, for liquidated damages, statutory penalties and/or interest allegedly owed on allegedly unpaid back wages and alleged statutory penalties, subject to the issuance of a 1099 form for non-wage income; and

v.      The gross amount of $7,132.00, less normal and appropriate withholdings and subject to the issuance of a Form W-2, payable to Jaime Romero for back wages allegedly owed; and

vi.     The gross amount of $17,132.00, payable to Jaime Romero, for liquidated damages, statutory penalties and/or interest allegedly owed on allegedly unpaid back wages and alleged statutory penalties, subject to the issuance of a 1099 form for non-wage income; and

vii.    The gross amount of $14,000.00, less normal and appropriate withholdings and subject to the issuance of a Form W-2, payable to William Holmes for back wages allegedly owed; and

viii.   The gross amount of $24,000.00, payable to William Holmes, for liquidated damages, statutory penalties and/or interest allegedly owed on allegedly unpaid back wages and alleged statutory penalties, subject to the issuance of a 1099 form for non-wage income; and

ix.     The gross amount of $59,736.00 for litigation expenses, costs, and attorneys' fees, payable to Helen F. Dalton & Associates, P.C., subject to the issuance of a 1099 form.

2.   Terms and Responsibilities of the Parties

a.   The Settlement Amount shall be paid on or before September 21, 2022, pending Court approval. However, if the Court does not approve the Settlement Agreement on or before September 21, 2022, payment shall not be due until 7 days after Court approval.

b.   Within 5 days of the execution of this Agreement, counsel for the Parties shall jointly submit to the Court a letter seeking judicial approval of this Agreement.

All monies due and owing under this Agreement shall be paid by attorney's checks and mailed to Plaintiffs' counsel, who shall distribute the checks to their clients.

c.   Payments under this Agreement shall be deemed timely if: the envelope containing the checks is placed in the custody of the United States Postal Service, via certified mail, return receipt requested, and post-marked on or before any due date set forth above and the check is not unable to be processed on account of insufficient funds.

d. Along with this Agreement, Plaintiffs shall furnish an executed Stipulation of Discontinuance with Prejudice as set forth in Exhibit A. Said Stipulation of Discontinuance with Prejudice shall be held in escrow by counsel for Defendants, Sinayskaya Yuniver, P.C., until such time that the Settlement Amount has been paid in full, whereupon counsel for Defendants shall file said Stipulation of Discontinuance with Prejudice with the Court.

3. <u>Attorney's Fees</u>

a. The Plaintiffs and Defendants hereby agree that each side is responsible for paying their own counsel fees.

4. <u>Jurisdiction and Choice of Law</u>

a. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern. The Parties consent to the sole jurisdiction of the United States District Court for the Eastern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over Kings County.

5. <u>No Other Payments Due and Owing</u>

a. Plaintiffs hereby acknowledges and agrees that, after receipt of payment set forth in Section 1 and 2 above, they have been paid in full for all claims contained within the Action and are not entitled to any other form of compensation, including, but not limited to, any wages, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, settlement payments, other benefits, damages, attorneys' fees, or costs from Defendants.

6. <u>Taxes</u>

a. Defendants agree to be responsible for federal, state and/or local taxes, if any, which are required by law to be paid with respect to any withholdings made to amounts paid according to this settlement (i.e., any amounts subject to a Form W-2). Plaintiffs agree to be responsible for federal, state and/or local taxes, if any, regarding other amounts paid according to this settlement (i.e., any amounts subject to a Form 1099).

7. <u>Release and Waiver of Claims by Plaintiffs</u>

a. In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE** <u>Defendants, and Defendants' respective parent corporations, subsidiaries, their respective current and former officers, owners, directors, representatives, trustees and agents, whether as individuals or in their official capacity, including John Marino,</u> of and from all or any manner of actions, causes and

Settlement Agreement – *Pereira, et al. v. Marino Tile & Marble Corp., et al.*

causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the Action, specifically including Federal Labor Standards Act and New York Labor Law, and their associated regulations concerning alleged unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had or now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement. Plaintiffs fully and finally release Defendants from any and all claims Plaintiffs have or may have against Defendants as of the date of this Agreement, whether asserted or unasserted, known and unknown, that were pled or could have been pled, which arise from the non-payment of wages for hours worked, minimum wage, overtime work performed, break time, tips, missed meal or rest periods, spread of hours pay or violations of any and all laws concerning hours worked or payment of wages or overtime, including, without limitation, claims under the federal Fair Labor Standards Act, the New York Labor Law (NYLL), or any other federal, state, or local wage and hour laws, including claims for wages, overtime pay, tips, spread of hours pay, commissions, benefits, bonuses, receipt of required documentation, liquidated damages, penalties, interest, and the like whenever accruing, punitive damages, or conversion. Plaintiffs agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that they might institute, individually or collectively, but also that in the event a claim is brought on their behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiffs in this Paragraph 7, they are waiving their right to recover money or other relief in any such action.

RML 8/25/22

   b. ~~For and in consideration of the mutual promises contained herein, Plaintiffs fully and finally release Defendants from any and all claims Plaintiffs has or may have against Defendants as of the date of this Agreement, whether asserted or unasserted, known and unknown, that were pled or could have been pled for any and all forms of discrimination or harassment.~~

   c. Plaintiffs hereby expressly consent that the release contained in Paragraph 7(a) and the subparagraphs thereto shall be given full force and effect according to each and all of its express terms and provisions. Plaintiffs hereby expressly acknowledges that they has been advised to review this Agreement and the release that it contains with an attorney, that they understands and acknowledges the significance and consequences of said release, and that they understands and acknowledges that without such provision, Defendants would not have entered into this Agreement or provided Plaintiffs with the payments and benefits described in this Agreement.

   d. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs signs this Agreement; (b) Plaintiffs' right to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement. In signing this Agreement, Plaintiffs, as well as their successors, assigns, heirs, executors, agents, administrators, and any legal and personal representatives waive any right to participate as a class member in any class or collective action lawsuit asserting any claim waived under this Section 7.

Settlement Agreement – *Pereira, et al. v. Marino Tile & Marble Corp., et al.*

8. Release and Waiver of Claims by Defendants

    a. Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiffs from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiffs' relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiffs committed or omitted prior to the date of this Agreement and Release.

9. Mutual Non-Disparagement

    a. Plaintiffs agree that they will not make any comments to any third party that will disparage Defendants or any of Defendants' officers, directors, agents, etc. and/or Plaintiffs. Such disparaging comments include comments concerning the quality of work performed by Defendants, its officers, directors, agents, etc. and Plaintiffs, and/or other communications which might otherwise impair the reputation of Defendants, its officers, directors, agents, etc. and Plaintiffs. Likewise, Defendants agree not to make any comments to any third party that will disparage Plaintiffs, such as comments concerning Plaintiffs' work performance. However, this paragraph shall not be construed to prevent either party from making truthful statements concerning their experiences litigating this matter.

10. Reference and Verification of Employment

    a. Consistent with their obligations in this agreement, Defendants agree to provide neutral references for Plaintiffs. Defendants agree that any employment inquiries or reference requests shall at most state dates of employment and positions held.

11. No Modification Unless in Writing

    a. No modification of this Agreement shall be valid unless in writing and agreed upon by both parties.

12. Notices

    a. All notices or communications under this Settlement Agreement shall be delivered either by hand, e-mail along with a telephone call, registered mail, certified mail (return receipt requested), or overnight delivery, to the address of Plaintiffs' Counsel or Defendants' Counsel, respectively, as follows:

| Party | Address | Copy to: |
|---|---|---|

| Marino Marble & Tile Corp. | [address] | Irene Sinayskaya, Esq.<br>Sinayskaya Yuniver, P.C.<br>710 Avenue U<br>Brooklyn, NY 11223 |
|---|---|---|
| Domenic Marino | [address] | Irene Sinayskaya, Esq.<br>Sinayskaya Yuniver, P.C.<br>710 Avenue U<br>Brooklyn, NY 11223 |
| Anthony Rizzuto | [address] | Irene Sinayskaya, Esq.<br>Sinayskaya Yuniver, P.C.<br>710 Avenue U<br>Brooklyn, NY 11223 |
| Carlos Pereira | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 |
| Victor Manuel | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 |
| Jaime Romero | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 |
| William Holmes | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 | Roman Avshalumov, Esq.<br>James O'Donnell, Esq.<br>Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road<br>Suite 601<br>Kew Gardens, NY 11415 |

13. <u>Full and Complete Agreement</u>

a. This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, understandings, or negotiations, whether written or oral between the parties, pertaining to the subject matter hereof.

14. Severability and Validity

a. Should any of the provisions of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term or provision shall be deemed not to be part of this Agreement and the surviving terms shall remain valid and binding upon the parties.

15. Facsimile/E-mail

a. A facsimile or email copy of this Settlement Agreement will have the same force and effect as the original. For the purposes of this Agreement, electronically transmitted signatures shall be deemed original.

16. Counterpart Signatures

a. This Agreement may be executed in counterparts, provided that each party receives a copy fully signed by the other parties.

17. Representation on Authority of Signatories

a. Each Party signing this Settlement Agreement represents and warrants that they are duly authorized and have legal capacity to execute and deliver the Agreement.

18. Breach

a. In the event of a breach of this agreement, notice must be provided to the breaching party as set forth above. The breaching party shall then have four (4) business days to cure the breach unless an extension is otherwise granted in writing by all non-breaching parties. After the expiration of the cure period, any party with standing may pursue all rights and remedies at law or in equity that they may have against the breaching party in accordance with the forum selection and choice of law provisions set forth above.

19. Voluntary Execution

a. Each party to this Agreement represents that they are entering into this Agreement voluntarily and of their own free will. Each party to this agreement represents that they have had the opportunity to obtain legal advice from counsel of their own selection in connection with the negotiation and execution of this Agreement. Each party to this agreement represents that she or they has carefully read this Agreement, understands its provisions, believes this Agreement to be fair and reasonable, and signs this Agreement freely and voluntarily. Each party to this Agreement that is not a native or otherwise fluent speaker of the English language represents that they have reviewed the terms of this Agreement with the assistance of an interpreter fluent in the party's

a. Each party to this Agreement represents that they are entering into this Agreement voluntarily and of their own free will. Each party to this agreement represents that they have had the opportunity to obtain legal advice from counsel of their own selection in connection with the negotiation and execution of this Agreement. Each party to this agreement represents that she or they has carefully read this Agreement, understands its provisions, believes this Agreement to be fair and reasonable, and signs this Agreement freely and voluntarily. Each party to this Agreement that is not a native or otherwise fluent speaker of the English language represents that they have reviewed the terms of this Agreement with the assistance of an interpreter fluent in the party's native language who is neither a party nor a signatory to this Agreement. Each party to this Agreement represents that they fully understand their legal rights and obligations with respect to the subject matter of this Agreement.

20. Drafting

a. The drafting of this Agreement by any party hereto or any party's attorney shall have no bearing on the interpretation of this Agreement, it being recognized that all parties hereto have had a full and fair opportunity to negotiate and review the terms hereof and to contribute to the substance and form of this Agreement. No party hereto should be considered to have drafted this agreement and the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any party hereto. The parties acknowledge that upon execution of this Agreement by Plaintiffs and Defendants, it will be binding upon the Plaintiffs and Defendants and is irrevocable.

21. No Admission of Liability

a. It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

IN WITNESS, THEREOF, the undersigned Parties hereto evidence their agreement by their signature below:

_____      08/10/22
Marino Marble & Tile Corp.,     Date
By: John Marino

_____      08/10/22
Domenic Marino, Individually     Date

_____      08/12/22
Anthony Rizzuto     Date

Settlement Agreement – *Pereira, et al. v. Marino Tile & Marble Corp., et al.*

native language who is neither a party nor a signatory to this Agreement. Each party to this Agreement represents that they fully understand their legal rights and obligations with respect to the subject matter of this Agreement.

20. <u>Drafting</u>

    a. The drafting of this Agreement by any party hereto or any party's attorney shall have no bearing on the interpretation of this Agreement, it being recognized that all parties hereto have had a full and fair opportunity to negotiate and review the terms hereof and to contribute to the substance and form of this Agreement. No party hereto should be considered to have drafted this agreement and the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any party hereto. The parties acknowledge that upon execution of this Agreement by Plaintiffs and Defendants, it will be binding upon the Plaintiffs and Defendants and is irrevocable.

21. <u>No Admission of Liability</u>

    a. It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace.

IN WITNESS, THEREOF, the undersigned Parties hereto evidence their agreement by their signature below:

_____       _____
Marino Marble & Tile Corp.,                                                      Date
By: John Marino

_____       _____
Domenic Marino, Individually                                                   Date

_____       _____
Anthony Rizzuto                                                                 Date

*[signature]*
_____       8/9/2022
Carlos Pereira                                                                    Date

*[signature]*
_____       8/9/2022
Victor Manuel                                                                   Date

_____      8/9/2022
Jaime Romero                                       Date

_____      8/9/2022
William Holmes                                      Date

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS PEREIRA, VICTOR MANUEL, JAIME ROMERO, and WILLIAM HOLMES, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>MARINO MARBLE & TILE CORP. and DOMENICO MARINO and ANTHONY RIZZUTO, as an individual,<br><br>*Defendants*. | Case No.: 22-00650<br><br>**STIPULATION TO DISCONTINUE WITH PREJUDICE** |

Upon the joint application of Plaintiff and Defendants to the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**HEREBY ORDERED AS FOLLOWS**:

1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938 and New York Labor Law as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiff's claims; and

3. This action, including all claims asserted by the Plaintiffs herein, is hereby dismissed with prejudice as against Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: July \_\_\_\_, 2022
       Brooklyn, NY

| Helen F. Dalton & Associates P.C. | Sinayskaya Yuniver, P.C. |
|---|---|
| *James O'Donnell* (signature)<br>James O'Donnell<br>80-02 Kew Garden Road, Suite 601<br>Kew Gardens, NY 11415<br>(718) 263-9591<br>jamespodonnell86@gmail.com<br>*Attorney for Plaintiff* | /s/ Irene Sinayskaya<br>Irene Sinayskaya, Esq.<br>710 Avenue U<br>Brooklyn, NY 11223<br>(718) 402-2240<br>Irene@sypcl.com<br>*Attorneys for Defendants* |